IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| James Gamble, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 3:12-cv-00712-GPM-DGW |
| v. | |
| AT&T Mobility LLC, | |
| Defendant. | |

## DEFENDANT AT&T MOBILITY LLC'S MOTION FOR A PROTECTIVE ORDER

### INTRODUCTION

Defendant AT&T Mobility LLC ("ATTM") respectfully moves under Federal Rule of Civil Procedure 26(c) for a protective order barring plaintiff James Gamble from pursuing the discovery he has propounded for the ostensible purpose of opposing ATTM's motion to compel arbitration.[1]

There is good cause for a protective order. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, strictly limits discovery during the pendency of a motion to compel arbitration, and this Court twice has expressed skepticism of Gamble's far-reaching discovery requests. *See* Order, at 1 (Dkt. No. 19) ("Plaintiff's request for an extension of forty-two days after Defendant has responded to discovery on the issues relevant to arbitration in this case is DENIED."); Order, at 2 (Dkt. No. 23) (denying "Plaintiff's request that the Court order AT&T to respond to certain discovery" and requesting "proposed discovery that goes only to the issue of arbitration").

---

[1] Pursuant to Rule 26(c), ATTM's counsel certify that they have conferred in good faith with plaintiff's counsel to resolve this dispute.  Decl. of Kevin Ranlett ¶¶ 3-11.

Although Gamble has narrowed some of his requests following the meet-and-confer process, it remains apparent that the requested discovery is not legitimately needed to oppose ATTM's motion to compel arbitration.

Gamble says that he needs all ATTM records relating to him or any third party for whose services he has paid ATTM in order to argue that his claims are outside the scope of his arbitration agreement with ATTM. But the interpretation of his signed agreement is a purely legal question—and a straightforward one at that: He and ATTM have agreed to arbitrate "**all disputes and claims** between us." Decl. of Stacie Dobbs Ex. 2 § 2.2(1) (Dkt. No. 17-2) (emphasis in original). "All disputes and claims" includes this lawsuit. And the requested records simply have nothing to do with whether this unambiguous contract language means what it says. Although they have no relevance to the arbitrability issue, ATTM nonetheless will produce Gamble's ATTM invoices and certain computer-generated account notes for his account. Ranlett Decl. ¶ 11.

The remaining discovery that Gamble seeks is likewise unnecessary. Gamble says that he needs details about every arbitration involving similar claims in order to argue that his arbitration agreement is unconscionable under Missouri law because it forbids class arbitration. But that contention is foreclosed by precedent. The U.S. Supreme Court squarely held in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), that the FAA preempts any state-law ruling that AT&T's arbitration provision is unconscionable because it forbids class actions. In addition, the Missouri Supreme Court has flatly declared that ATTM's arbitration provision "is fundamentally different from" other agreements it considers unconscionable. *Brewer v. Missouri Title Loans, Inc.*, 364 S.W.3d 486, 495 (Mo. 2012), *cert. denied,* No. 11-1466, 2012 WL 2028610 (U.S. Oct. 1, 2012). But even if Gamble's unconscionability theory were viable, his

proposed inquisition into every past arbitration would be disproportionately burdensome. Gamble has enough information to make whatever attacks on the fairness of arbitration under ATTM's arbitration agreement he believes are not foreclosed by precedent: His arbitration agreement and the arbitral rules specify the costs and applicable procedures, and the list of arbitrations against ATTM on the American Arbitration Association's online docket provides sufficient fodder for any argument he might wish to make based on statistics regarding arbitrations.

For these reasons, *no* court has permitted a plaintiff to pursue similar discovery requests in connection with a post-*Concepcion* motion to compel arbitration by ATTM. This Court similarly should issue a protective order barring Gamble from pursuing his discovery requests.

## BACKGROUND

Gamble sued his wireless service provider, ATTM, alleging that it unlawfully charged him for third-party services that he had not authorized. Compl. ¶¶ 55-56 (Dkt. No. 2). Although he purports to represent a putative class of ATTM customers nationwide (*id.* ¶ 57), Gamble agreed to arbitrate any disputes with ATTM on an individual basis. ATTM accordingly moved to compel arbitration, submitting with its motion Gamble's wireless service agreement, which includes an arbitration provision; declarations attesting to and documents showing the manner in which Gamble was presented with and signed his agreement; and the arbitration provider's rules. *See* Dkt. Nos. 16-17.

Without seeking leave to take discovery before the Rule 26(f) conference as required by Federal Rule of Civil Procedure 26(d), Gamble propounded a host of discovery requests: 15 interrogatories, 13 requests for production of documents, and a request for a Rule 30(b)(6) deposition on 15 designated topics. Although many of the requests delved deeply into the merits

of the claims, Gamble asserted that he needed the discovery to oppose ATTM's motion to compel arbitration, and sought an extension of time to respond to ATTM's motion until 42 days after it responds to his discovery requests. Pl.'s Mot. for Extension of Time at 1 (Dkt. No. 18). The Court denied the requested extension, and gave Gamble 12 extra days—until October 3, 2012—to file his opposition to ATTM's motion to compel arbitration. Order at 1 (Dkt. No. 19).

On October 3, 2012, the day his opposition was due, Gamble sought another extension, and also requested that ATTM be compelled to respond to his discovery requests before he files his opposition. Pl.'s (Unopposed) Mot. for Extension at 2 (Dkt. No. 20). In response, ATTM consented to a second extension, but objected to Gamble's discovery requests, and indicated that it would serve objections to the requests under the normal schedule and, if Gamble persisted in pursuing them, would be filing a motion for a protective order. Def. ATTM's Resp. to Pl.'s Mot. for Extension at 1-4 (Dkt. No. 22). The Court granted Gamble an extension until November 7, 2012 to file his opposition, but denied his request to compel ATTM to respond to his discovery requests. Order at 2 (Dkt. No. 23). The Court instead ordered the parties to meet and confer regarding discovery and submit to the Court "proposed discovery that goes only to the issue of arbitration" by October 26, 2012. *Id.*

Counsel for the parties met and conferred by telephone. Ranlett Decl. ¶ 3. Although Gamble agreed to withdraw the deposition notice and certain interrogatories and requests for documents, he still demanded three broad sets of information:

1. All documents relating to Gamble;
2. All documents relating to all third-party companies for whose services ATTM has charged Gamble, and an explanation of how the charges were divided between ATTM and those companies; and

    3. Details regarding every arbitration against ATTM involving claims similar to the ones asserted in this lawsuit.

*Id.* ¶ 4-5, 7. Copies of the amended discovery requests have been e-mailed to chambers in accordance with the Court's order of October 18, 2012.

    During the meet-and-confer call, Gamble's counsel asserted that Gamble needs ATTM's records on him and the third-party companies in order to argue that his claims are outside the scope of his arbitration agreement with ATTM. *Id.* ¶ 5. And Gamble's counsel contended that Gamble needs the information about prior arbitrations to argue that his arbitration agreement is unconscionable under Missouri law because the agreement forbids class arbitration. *Id.* ¶ 7. Although they are irrelevant to the motion to compel arbitration, ATTM will produce Gamble's invoices and its computer-generated account notes for Gamble's account. *Id.* ¶ 11.

### ARGUMENT

    Federal Rule of Civil Procedure 26(c) authorizes this Court to issue a protective order to relieve ATTM of the "undue burden" of submitting to discovery that Gamble is not legally entitled to obtain. When a motion to compel arbitration is pending, the FAA permits only an expeditious and summary inquiry into arbitrability, and therefore limits discovery to information bearing on the making of the arbitration agreement between the parties. Gamble's requests flout the limitations on discovery that the FAA imposes because he already has all the information he needs to mount his intended defenses to enforcement of his arbitration agreement. Indeed, those defenses turn entirely on purely legal issues, making it unnecessary to conduct any discovery, much less the tangential and irrelevant discovery that Gamble demands in addition to the documents that ATTM already has provided or will provide.

### I. THE FAA STRICTLY LIMITS THE DISCOVERY AVAILABLE DURING THE PENDENCY OF A MOTION TO COMPEL ARBITRATION.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, precludes the type of wide-ranging discovery that Gamble seeks. As the Supreme Court has explained, to effectuate "the statutory policy of rapid and unobstructed enforcement of arbitration agreements," the FAA "call[s] for an expeditious and summary hearing [on a motion to compel arbitration], with only ***restricted inquiry*** into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-23 (1983) (emphasis added). Otherwise, the delay and expense of litigating the enforceability of an arbitration agreement threatens to eliminate the "simplicity, informality, and expedition" of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). For example, "[a]rbitration loses much of its value if one party can force protracted litigation and expensive discovery merely by raising questions about the party's intent in adopting a particular contract provision." *Va. Sprinkler Co. v. Road Sprinkler Fitters Local Union No. 669*, 868 F.2d 116, 121 (4th Cir. 1989).

Once a motion to compel arbitration has been filed, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (citing 9 U.S.C. §§ 3-4). Accordingly, a court may not permit discovery into the merits of the underlying claims. As the Seventh Circuit has put it, permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

Likewise, discovery into arbitrability itself is strictly limited: The "FAA provides for discovery * * * in connection with a motion to compel arbitration ***only if*** 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula,*

*Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4) (emphasis added). This rule follows from "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint*, 388 U.S. at 404; *see also Moses H. Cone*, 460 U.S. at 22 ("Congress's clear intent, in the [FAA], [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible"). Accordingly, because the FAA requires prompt resolution of motions to compel arbitration with "only restricted inquiry into factual issues," the party seeking discovery to oppose arbitration on grounds of "unconscionability" or other defenses must show "what evidence relevant to these defenses he suspected to find through discovery." *Ameriprise Fin. Servs., Inc. v. Etheredge*, 277 F. App'x 447, 449-50 (5th Cir. 2008) (internal quotation marks omitted).

Numerous courts have recognized that the FAA bars discovery unless the party opposing arbitration shows how the requested information is material to the enforceability of the arbitration agreement. *See*, *e.g.*, *Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 521 (D.C. Cir. 2009) ("The district court did not abuse its discretion in refusing appellants' request for discovery" because they "failed to demonstrate" how the requested discovery "would have assisted them in opposing the motion to compel arbitration"); *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming denial of "arbitration-related discovery" because "the requested information was either irrelevant, already within the personal knowledge of the [plaintiffs], or did not support a recognizable [defense to arbitrability] under Mississippi law"); *Kulpa v. OM Fin. Life Ins. Co.*, 2008 WL 351689, at *1 (S.D. Miss. Feb. 6, 2008) (barring discovery to oppose motion to compel arbitration for lack of "a sufficiently compelling reason to conduct discovery"); *Honig v. Comcast of Ga. I, LLC*, 537 F. Supp. 2d 1277, 1283-84 & n.3

(N.D. Ga. 2008) (barring discovery as an attempt to "contravene the policy of the FAA that issues of arbitrability should be determined promptly," because the plaintiff "has not proffered any evidence" of his own and "fail[ed] to demonstrate that this discovery is necessary"); *Baker v. Sci. Applications Int'l Corp.*, 2006 WL 2708546, at *3 (D.S.D. Sept. 21, 2006) (barring discovery into alleged unconscionability of arbitration agreement because the terms of the agreement and the facts as to whether the agreement was adhesive "are not in dispute"), *aff'd*, 273 F. App'x 577 (8th Cir. 2008); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828-29 (S.D. Miss. 2001) ("it does not follow from the fact that [the opposing party] takes the position that he did not agree to arbitration that discovery is needed to determine whether" there was an arbitration agreement), *aff'd*, 34 F. App'x 964 (5th Cir. 2002); *Hawkins v. Aid Ass'n for Lutherans*, 2001 WL 34388865, at *7 (E.D. Wis. Oct. 31, 2001) (barring discovery because "[p]laintiffs have not raised any matters relevant to the existence of an agreement to arbitrate that requires discovery"), *aff'd*, 338 F.3d 801 (7th Cir. 2003); *Gold v. Deutsche A.G.*, 1998 WL 126058, at *3 (S.D.N.Y. Mar. 19, 1998) (refusing request for discovery to oppose motion to compel arbitration because plaintiff made no allegations concerning the contract-formation process that would necessitate further discovery); *Ex parte Horton Family Hous., Inc.*, 882 So. 2d 838, 841 (Ala. 2003) (FAA bars discovery unless the party opposing arbitration "present[s] a factually based predicate that establishes what the party knows, what it expects to discover, and why that information matters") (internal quotation marks omitted).

Gamble has not made and cannot make such a showing here.

## II.  GAMBLE'S DISCOVERY REQUESTS WOULD NOT AID THE PROMPT RESOLUTION OF ATTM'S MOTION TO COMPEL ARBITRATION.

Gamble has not articulated a legitimate need for the discovery he seeks. Specifically, Gamble demands that ATTM provide (1) all records relating to him; (2) all records relating to

any third party for whose services he has paid ATTM and an explanation of how charges for those services were divided between ATTM and the third-party service provider; and (3) details regarding every arbitration involving claims similar to his. He says that he needs this information in order to argue that his claims are outside the scope of his arbitration agreement with ATTM and that his agreement is unconscionable under Missouri law because it forbids class arbitration. But each of those contentions boils down to a straightforward legal issue that can be resolved on the basis of information already in Gamble's possession.

For example, Gamble asserts that he needs two sets of information to argue that his claims are outside the scope of his arbitration agreement: (1) all records relating to him, so that he can identify all amounts he paid ATTM for third-party services, and (2) all records relating to those third parties, which he believes will show that they were not rendering telecommunications services. But Gamble's premise—that he agreed to arbitrate only those disputes that pertain to telecommunications services rendered by ATTM—is false. In fact, his arbitration agreement is all-encompassing. It specifies in no uncertain terms that "[ATTM] and you agree to arbitrate **all disputes and claims** between us. This agreement to arbitrate is intended to be broadly interpreted." Dobbs Decl. Ex. 2 § 2.2(1) (emphasis in original). *No* discovery—much less the sweeping requests that Gamble has propounded—is needed to interpret that unambiguous language.[2]

In any event, the vast majority of ATTM's records relating to Gamble—such as records from cell towers Gamble has used; every phone call, text message, and bit of wireless data he has

---

[2] Even if there could be any doubt as to the meaning of an agreement to arbitrate "all disputes and claims between us," the Supreme Court has made clear that the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25.

sent or received; and every interaction with ATTM's systems or employees—has no conceivable connection to Gamble's scope argument. It also would be overly burdensome to gather all of this information, which is not centrally kept. Decl. of Jan Mendel ¶ 3. And it is difficult to conceive of any way in which documents relating to third-party service providers could bear upon the interpretation of Gamble's arbitration agreement.

Gamble's request for discovery to support his unconscionability argument is equally meritless. He seeks documents regarding whether the third-party content providers would be required to arbitrate their claims against customers, apparently so that he can argue that the arbitration agreement is one-sided and unfair. But Gamble is not suing those companies, and they are not suing him. Whether those companies would be bound by Gamble's and ATTM's agreement to arbitrate "all disputes and claims between [them]" is entirely beside the point.

Gamble also asserts that he needs detailed information about every arbitration against ATTM involving claims like his to argue that his arbitration agreement is unconscionable under Missouri law because it forbids class arbitration. Specifically, in order to argue that it is impossible to arbitrate on an individual basis, he wants the number of customers who have pursued such claims, the customers' arbitration costs, whether ATTM reimbursed the customers for the filing fee, and the number of customers who prevailed in arbitration. That request is improper for at least two reasons.

*First*, binding precedent forecloses Gamble's unconscionability argument as a matter of law. In a case involving a functionally identical version of the arbitration provision to which Gamble agreed, the U.S. Supreme Court held that the FAA preempts state law declaring arbitration agreements unconscionable because they forbid class arbitration. *See Concepcion*, 131 S. Ct. at 1753. And in the wake of *Concepcion*, the Missouri Supreme Court indicated that,

because of its unique pro-consumer features, ATTM's arbitration provision "is fundamentally different from" other agreements it considers unconscionable. *Brewer*, 364 S.W.3d at 495. Because Gamble's unconscionability argument fails at the threshold as a matter of law, there is no warrant for the fishing expedition he seeks to embark on.

*Second*, even if an unconscionability attack were not foreclosed by precedent, Gamble's request for details about every arbitration involving similar claims would be unwarranted. The fairness of ATTM's arbitration provision can be determined from the terms of the provision itself and the arbitration provider's rules, which Gamble already has. *See Coates*, 125 F. Supp. 2d at 828-29 (barring discovery "on the subject of '[w]hat the arbitration entails—its costs, its procedures, etc.'" because "the court can fathom no reason that" such information could not be ascertained from the arbitration agreement and the arbitration provider's rules, which "set forth the procedures and rules" that would apply).[3] And to the extent that Gamble seeks this information so that he can argue that relatively few consumers arbitrate against ATTM, he can make that argument using the number of arbitrations against ATTM disclosed on the American Arbitration Association's searchable online docket, which Gamble's counsel has stated he has reviewed. Ranlett Decl. ¶ 10. Such an argument would necessarily fail as a matter of law,

---

[3] In any event, Gamble cannot plausibly contend that it would be infeasible to arbitrate his claims on an individual basis. Under his arbitration agreement, ATTM is obligated to pay all fees charged by the AAA for arbitrating any non-frivolous claims of up to $75,000 in value. Br. in Supp. of Mot. to Compel Arbitration, at 3-4 (Dkt. No. 17). And if the arbitrator were to award him more than ATTM's last settlement offer, his minimum recovery would be $10,000, plus double attorneys' fees. *Id.* at 4. The Supreme Court has observed that under ATTM's arbitration provision claims are "most unlikely to go unresolved," because that provision "provide[s] incentive for the individual prosecution of meritorious claims that are not immediately settled," and thus customers are "better off under their arbitration agreement with AT&T than they would have been as participants in a class action, which 'could take months, if not years, and which may merely yield an opportunity to submit a claim for recovery of a small percentage of a few dollars.'" *Concepcion*, 131 S. Ct. at 1753 (quoting *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *12 (S.D. Cal. Aug. 11, 2008)).

however, as the Ninth and Eleventh Circuits have explained in cases involving arbitration provisions that are functionally identical to Gamble's. *See Cruz v. Cingular Wireless LLC*, 648 F.3d 1205, 1214 (11th Cir. 2011) ("faithful adherence to *Concepcion* requires the rejection of the Plaintiffs' argument" because their "evidence goes only to substantiating the very public policy arguments that were expressly rejected by the Supreme Court in *Concepcion*—namely, that the class action waiver will be exculpatory, because most of the these small-dollar claims will go undetected and unprosecuted"); *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1160 (9th Cir. 2012) (agreeing with *Cruz* that a "factual record regarding the cost-effectiveness of individual pursuit of claims" under ATTM's provision is irrelevant after *Concepcion*).

For these reasons, since *Concepcion*, **every** court to consider similar requests for discovery into ATTM's arbitration program has concluded that "arbitration-related discovery is neither necessary nor proper." *Kaplan v. AT&T Mobility LLC*, 2011 WL 7409078, at *1 (C.D. Cal. Aug. 9, 2011); *accord Laster v. T-Mobile USA, Inc.*, 2012 WL 1681762, at *3 (S.D. Cal. May 9, 2012) (denying the Concepcions leave to take discovery on remand from Supreme Court's decision in *Concepcion*); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407, at *6 (N.D. Cal. July 19, 2011) (rejecting request for "arbitration related discovery" as "unnecessary"); *see also Kaltwasser v. AT&T Mobility LLC*, 812 F. Supp. 2d 1042, 1049 (N.D. Cal. 2011) ("[I]t is incorrect to read *Concepcion* as allowing plaintiffs to avoid arbitration agreements on a case-by-case basis simply by providing individualized evidence about the costs and benefits at stake.").

Courts also have rejected similar requests for discovery into "all arbitrations" involving other companies. As the Eighth Circuit has explained, "whether other consumers have elected to arbitrate claims under other contracts [with the company] is not material to the determination of"

whether the agreement of the plaintiff before the court is unconscionable. *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008); *see also Meyer v. T-Mobile USA, Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011) (barring discovery into "all agreements, disputes, arbitrations and lawsuits" brought by other consumers against T-Mobile because "the only arbitration agreement at issue is" the plaintiff's agreement, "and the documents relevant to determining the validity of that arbitration agreement"—the agreement and the AAA rules—"are already accessible by the parties and the Court"); *Honig*, 537 F. Supp. 2d at 1284 n.3 (rejecting request for discovery "as to whether Plaintiff and the members of the proposed [nationwide] Class agreed to arbitrate their claims," because it was undisputed that the plaintiff had signed the agreement containing the arbitration provision, and because "allowing such discovery would contravene the policy of the FAA that issues of arbitrability should be determined promptly") (alteration in original; internal quotation marks omitted).

During the meet-and-confer process, Gamble's counsel suggested that Gamble needs records from these arbitrations to confirm that ATTM actually honors its commitment in its arbitration provision to pay arbitration costs. Ranlett Decl. ¶ 7. But Gamble's contract creates binding legal commitments that can be enforced by the arbitrator or this Court. For example, if ATTM were improperly to refuse to pay arbitration costs, the arbitrator could order ATTM to pay the costs and this Court could enforce that award. *See* 9 U.S.C. § 9. Or if Gamble really were saddled with prohibitive fees to access the arbitral forum, he could ask that this Court reconsider the order compelling arbitration. *See Green Tree Fin Corp.–Ala. v. Randolph*, 531 U.S. 79 (2000). Accordingly, discovery into whether ATTM lives up to its obligations (which it does) would be a waste of time. It also would be an enormous waste of resources, as ATTM does not centrally maintain all records of past arbitrations. Mendel Decl. ¶¶ 4-5.

Ultimately, ATTM suspects that the real motivation for these requests for records about Gamble and the third-party companies is to obtain evidence regarding the merits of Gamble's claims. Yet as this Court has recognized (Order at 2 (Dkt. No. 23)), merits discovery is off-limits at this stage of the proceedings. *See* page 6, *supra*.

In short, Gamble's requests are inimical to the "simplicity, informality, and expedition" of arbitration (*Mitsubishi Motors*, 473 U.S. at 628) and the FAA's call "for an expeditious and summary hearing, with only restricted inquiry into factual issues." *Moses H. Cone*, 460 U.S. at 22. It would be absurd—and directly contrary to the purpose of the FAA—to condition enforcement of any arbitration provision on the production of the wide-ranging information Gamble demands, the collection, review, redaction, and production of which would require enormous time and expense. Gamble's discovery requests can serve no purpose at this stage other than to burden ATTM, by vexatiously multiplying the cost to ATTM of enforcing its agreements to resolve its customers' disputes in arbitration.

## CONCLUSION

The Court should enter a protective order barring Gamble from pursuing the discovery he has propounded in connection with ATTM's motion to compel arbitration.

Dated: October 26, 2012               Respectfully submitted,

    /s/Archis A. Parasharami
Archis A. Parasharami (admitted *pro hac vice*)
Kevin S. Ranlett (admitted *pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006-1101
(202) 263-3000
(202) 263-3300 – Facsimile

Thomas D. Veltz
General Attorney

              AT&T SERVICES, INC.
              One AT&T Center
              909 Chestnut, Suite 3600
              St. Louis, MO 63101
              314-235-1386 (office)
              314-737-2795 (mobile)
              314-242-8850 (fax)

- 16 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion has been served electronically by means of the Court's CM/ECF electronic filing system on October 26, 2012, on all counsel registered to participate in that system.


Dated: October 26, 2012                                 /s/  Archis A. Parasharami_____

                                                                           *Attorney for Defendant AT&T Mobility LLC*